UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO. 8:18-cr-233-T-33MAP

DERRAKA KATIMA REED              18 U.S.C. § 641
   a/k/a Derraka Katima Everett     18 U.S.C. § 1029(a)(2)
   a/k/a Derraka Everett

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Theft of Government Funds)**

At times material to this Indictment:

**A.  Introduction**

1. DERRAKA KATIMA REED, a/k/a Derraka Katima Everett, a/k/a Derraka Everett, was a resident of the Middle District of Florida.

2. The Internal Revenue Service (IRS) was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, including the assessment and collection of taxes.

3. An "access device" was any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument

identifier, or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that could be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

4. A credit card or debit card was an "access device." A credit card was a thin plastic card, usually 3-1/8 inches by 2-1/8 inches that contained identification information and authorized the person named on the credit card to make charges for which he or she would be billed periodically by the card issuer. A debit card looked, acted, and contained the same information as a credit card, but withdrew the money from the cardholder's affiliated bank account.

5. Each credit or debit card account had a unique number issued to it. The account number for a credit card or debit card was also an "access device." Credit card issuers, such as companies like VISA, American Express, MasterCard, and some federally insured banks and credit unions, placed personal information on each card by physically stamping or embossing information such as the account number, the account holder's name, and the expiration date for the account. Credit card and debit card issuers and financial institutions also programmed the magnetic strip on the

back of the card with the account holder's account number, name, and the expiration date for the account.

6. An "unauthorized access device" was any access device, including a credit card, debit card, credit card number, or debit card number that was lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud.

7. H&R Block, a tax preparation business, provided an internet-based software product to help users prepare and submit income tax returns, and was owned and operated by H&R Block, Inc., a company located outside the state of Florida.

8. Reloadable debit cards were "access devices" issued by financial institutions such as BofI Federal Bank, which issued H&R Block reloadable debit cards. Tax refunds could be loaded onto H&R Block reloadable debit cards. BofI Federal Bank was located outside the State of Florida. H&R Block reloadable debit cards could be used at ATMs to withdraw funds or at any business location that accepted VISA or MasterCard.

### B. The Charge

9. On or about May 22, 2013, in the Middle District of Florida and elsewhere, the defendant,

DERRAKA KATIMA REED,
a/k/a Derraka Katima Everett,
a/k/a Derraka Everett,

did knowingly and willfully steal and convert to her own use, and the use of another, more than $1,000 of money and a thing of value of the United States and the United States Treasury, a department and agency of the United States, that is, an $8,939.00 fraudulently-obtained federal income tax refund issued in the names of taxpayers D.K.E. and J.D.E. that was deposited onto an H&R Block reloadable debit card in the defendant's name, with the intent to deprive the United States and the United States Treasury of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. §§ 641 and 2.

## COUNT TWO
**(Access Device Fraud)**

1. Paragraphs 1 through 8 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. Between on or about May 29, 2013 and on or about June 6, 2013, in the Middle District of Florida and elsewhere, the defendant,

DERRAKA KATIMA REED,
a/k/a Derraka Katima Everett,
a/k/a Derraka Everett,

did knowingly and with intent to defraud use an unauthorized access device,

4

that is an H&R Block reloadable debit card obtained with the intent to defraud, and by such conduct obtained funds and anything of value aggregating $1,000 or more during any one-year period, in that the defendant withdrew, in cash, a fraudulently obtained federal income tax refund that had been issued in the names of taxpayers D.K.E. and J.D.E. that was loaded onto the defendant's H&R Block reloadable debit card, and the defendant further used her H&R Block reloadable debit card to make purchases using these tax fraud proceeds, said use affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 1029(a)(2), 1029(c)(1)(A)(i), and 2.

## FORFEITURE

1. The allegations contained in Counts One and Two of the Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1029(c)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant, DERRAKA KATIMA REED, a/k/a Derraka Katima Everett, a/k/a Derraka Everett, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 1029(a)(2), the defendant, DERRAKA KATIMA REED, a/k/a Derraka Katima Everett, a/k/a Derraka Everett, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4. The property to be forfeited includes, but is not limited to, at least $8,939.00, which represents the proceeds the defendant obtained as a result of the offenses charged in Counts One and Two of the Indictment.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Simon A. Gaugush
Assistant United States Attorney
Deputy Chief, Criminal Division

By: _____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

DERRAKA KATIMA REED,
a/k/a Derraka Katima Everett
a/k/a Derraka Everett

## INDICTMENT

Violations:   18 U.S.C. §§ 641 and 1029(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of May 2018.

_____
Clerk

Bail $_____

GPO 863 525